SACHS *v.* FULLER.

Opinion delivered April 27, 1901.

BILLS AND NOTES—AGREEMENT TO INDORSE—LIABILITY.—No liability accrues on an agreement to indorse an overdue note unless demand of payment was made upon the principal within a reasonable time after the indorsement should have been made and notice of nonpayment was given to the indorser.

Appeal from Poinsett Circuit Court.

FELIX G. TAYLOR, Judge.

Action by Theresa Sachs against the Fuller Bros. Toll, Lumber and Box Company on an agreement to indorse a note. From a judgment in favor of defendant plaintiff has appealed.

*Allen Hughes* and *Chas. D. Frierson,* for appellant.

The court erred in giving instruction No. 1. 80 Am. Dec. 668. It was also error to refuse the instruction asked by appellant, to the effect that an indorsement without recourse was not a compliance with the contract. The whole contract was an agreement to indorse, with assumption of liability, and appellees are estopped to deny this. Bish. Contr. §§ 317, 381; 15 Oh. St. 225; 80 Am. Dec. 668; 88 Am. Dec. 337; 61 N. Y. 616.

*N. F. Lamb,* for appellee.

Appellee is not liable as an indorser with recourse. If its liability is such, it was entitled to notice of dishonor. 11 Ark. 504; 14 Ark. 334; 26 Ark. 155; 14 Ark. 127; 6 N. W. 119; 16 S. W. 66; 18 Pick. 260; 10 Am. Dec. 663; 16 *id.* 672; 13 *id.* 629; 2 Conn. 419; 12 Am. Dec. 436; Dan. Neg. Inst. 606, 611; 53 Am. Dec. 322; 39 *id.* 158.

BATTLE, J. Assuming that appellee agreed to indorse the note executed by W. T. Bishop to R. R. Bishop for $100, as contended by appellant, and failed to do so, its liability was no greater than it would have been had it done so. By agreeing to indorse the note it undertook to pay the amount due on the same, provided payment was demanded by appellant of the maker of the note within a reasonable time after the indorsement, and he refused to

pay the same, and due notice of such refusal was given to the appellee, the note being overdue at the time appellee agreed to indorse it.   To hold appellee responsible, such demand must have been made, but appellant wholly failed to make it, and held the note sixteen days, when she discovered that it was indorsed by appellee "without recourse," and returned the note to appellee. Appellee is not liable for damages on the instrument or the agreement to indorse, the conditions upon which it was to become liable never having been performed.

Judgment affirmed.